**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARCUS ERIC TUKES,              :
                                :   Civil Action No. 10-0098 (FLW)
        Plaintiff,              :
                                :
    v.                          :   **OPINION**
                                :
COMMISSIONER GEORGE W. HAYMAN,  :
et al.,                         :
                                :
        Defendants.             :

**APPEARANCES:**

Plaintiff pro se                Counsel for Defendant
Marcus Eric Tukes               Susan M. Scott
Mercer County Correction Ctr.   Deputy Attorney General
P.O. Box 8068                   RJ Hughes Justice Complex
Trenton, NJ  08650              P.O. Box 112
                                Trenton, NJ 08625

**WOLFSON**, District Judge

    This matter was opened to the Court by Plaintiff Marcus Eric Tukes filing a Complaint alleging that certain defendants had violated his constitutional rights by maintaining a dirty correctional facility, the Central Reception and Assignment Facility, resulting in his being bitten by a rat.  Certain claims were dismissed and the remaining claims proceeded as against Defendants Commissioner George W. Hayman and Administrator Grace Rogers.

Now pending before this Court is the Motion [21] of the remaining defendants to dismiss the Complaint for failure to state a claim or, in the alternative, for summary judgment.

## I.   DISMISSAL FOR FAILURE TO STATE A CLAIM

This Court must dismiss, at any time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). See also Fed.R.Civ.P. 12(b)(6), permitting a party to move to dismiss a claim in a civil action for "failure to state a claim upon which relief can be granted."

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319,

325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  <u>Deutsch v. United States</u>, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

In addition, any complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure.

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint must plead facts sufficient at least to "suggest" a basis for liability.  <u>Spruill v. Gillis</u>, 372 F.3d 218, 236 n.12 (3d Cir. 2004).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see <u>Papasan v. Allain</u>, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").  Factual allegations must be enough to raise a right to relief above the speculative level ... .

<u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (citations omitted).

The Supreme Court has demonstrated the application of these general standards to a Sherman Act conspiracy claim.

> In applying these general standards to a § 1 [conspiracy] claim, we hold that stating such a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made. Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement. And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely." ... It makes sense to say, therefore, that an allegation of parallel conduct and a bare assertion of conspiracy will not suffice. Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality. Hence, when allegations of parallel conduct are set out in order to make a § 1 claim, they must be placed in a context that raises a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action.
>
> The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects the threshold requirement of Rule 8(a)(2) that the "plain statement" possess enough heft to "sho[w] that the pleader is entitled to relief." A statement of parallel conduct, even conduct consciously undertaken, needs some setting suggesting the agreement necessary to make out a § 1 claim; without that further circumstance pointing toward a meeting of the minds, an account of a defendant's commercial efforts stays in neutral territory. ...

Twombly, 550 U.S. at 556-57 (citations and footnotes omitted).

The Court of Appeals for the Third Circuit has held, in the context of a § 1983 civil rights action, that the Twombly pleading standard applies outside the § 1 antitrust context in which it was decided. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("we decline at this point to read

4

Twombly so narrowly as to limit its holding on plausibility to the antitrust context").

> Context matters in notice pleading.  Fair notice under Rule 8(a)(2) depends on the type of case -- some complaints will require at least some factual allegations to make out a "showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  Indeed, taking Twombly and the Court's contemporaneous opinion in Erickson v. Pardus, 127 S.Ct. 2197 (2007), together, we understand the Court to instruct that a situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8.  Put another way, in light of Twombly, Rule 8(a)(2) requires a "showing" rather than a blanket assertion of an entitlement to relief.  We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests.

Phillips, 515 F.3d at 232 (citations omitted).

More recently, the Supreme Court has emphasized that, when assessing the sufficiency of any civil complaint, a court must distinguish factual contentions -- which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted -- and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Although the Court must assume the veracity of the facts asserted in the complaint, it is "not bound to accept as true a legal conclusion couched as a factual allegation."  Id. at 1950.  Thus, "a court considering a motion to dismiss can choose to begin by

5

identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.

> Therefore, after Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted).

## II.   SUMMARY JUDGMENT

A.   Federal Rule of Civil Procedure 56

A district court shall grant summary judgment, as to any claim or defense, "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a).

A party asserting that a fact cannot be, or is genuinely disputed, must support the assertion by citing to particular parts of materials in the record, or by showing that the

6

materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.  Fed.R.Civ.P. 56(c)(1).  Nevertheless, the court may consider other materials in the record.  Fed.R.Civ.P. 56(c)(3).

Rule 56(e) of the Federal Rules of Civil Procedure further provides that:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials - including the facts considered undisputed - show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed.R.Civ.P. 56(e).

No genuinely triable issue of material fact exists when the moving party demonstrates – based on the submitted evidence, and viewing the facts in the light most favorable to the non-moving party – that no rational jury could find in the non-movant's favor.  <u>Ambruster v. Unisys Corp.</u>, 32 F.3d 768, 777 (3d Cir. 1994).  Thus, the threshold enquiry is whether "there are any genuine factual issues that properly can be resolved only by a

finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). In deciding whether triable issues of material fact exist, a court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995); Hancock Indus. v. Schaeffer, 811 F.2d 225, 231 (3d Cir. 1987).

The rule does not increase or decrease a party's ultimate burden of proof on a claim. Rather, the moving party bears the burden of showing no genuine issue of material fact, and the non-movant opposes the motion by presenting affirmative evidence to the contrary. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-57 (1986). Under the Rule, once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citations omitted). See also Anderson, 477 U.S. at 247-48 ("By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the

8

requirement is that there be no <u>genuine</u> issue of <u>material</u> fact.").

What the non-moving party must do is "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986); <u>see also</u> <u>Lujan v. National Wildlife Fed'n</u>, 497 U.S. 871, 888 (1990) ("The object of [former Rule 56(e), new Rule 56(c)] is not to replace conclusory allegations of the complaint ... with conclusory allegations of an affidavit."); <u>Anderson</u>, 477 U.S. at 249; <u>Big Apple BMW, Inc. v. BMW of N. Am., Inc.</u>, 974 F.2d 1358, 1363 (3d Cir. 1992), <u>cert. denied</u>, 507 U.S. 912 (1993) ("To raise a genuine issue of material fact, ... the opponent need not match, item for item, each piece of evidence proffered by the movant," but must "exceed[] the ' mere scintilla' threshold and ... offer[] a genuine issue of material fact.").

A movant need not affirmatively disprove the other party's case; he may move on the ground that the non-movant lacks evidence "sufficient to establish the existence of an element essential to that party's case." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). Nevertheless, again, it is not sufficient to support a motion with only conclusory assertions that the non-movant has no evidence to prove his case. To the

contrary, as Justice White warned, in his concurring opinion in Celotex, "It is the defendant's task to negate, if he can, the claimed basis for the suit." Celotex, 477 U.S. at 328 (Justice White, concurring). Celotex's progeny reflects that sentiment – that the movant bears the burden of <u>demonstrating</u> the lack of evidence in the record to support the non-movant's claims. See, e.g., Haywood v. Nye, 999 F.Supp. 1451, 1463 (D. Utah 1998); Andrews v. Crump, 984 F.Supp. 393, 402-03 (W.D.N.C. 1996).

It is not necessary that the case be fully adjudicated on a motion for summary judgment.

> If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact - including an item of damages or other relief - that is not genuinely in dispute and treating the fact as established in the case.

Fed.R.Civ.P. 56(g).

Finally, after giving notice and a reasonable time to respond, the court may:

(1) grant summary judgment for a nonmovant;

(2) grant the motion on grounds not raised by a party; or

(3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

Fed.R.Civ.P. 56(f).

B.  <u>New Jersey Local Civil Rule 56.1</u>

New Jersey Local Civil Rule 56.1(a), as amended in 2008, requires that on summary judgment motions, both the moving and

10

non-moving parties furnish a statement identifying what each side deems to be the material facts, so that the Court can determine if a genuine dispute exists. The commentary to the Rule notes that "the requirement of a separate document represents a change from the practice under the former version of the rule," and that "[t]he Rule 56.1 statement is viewed by the Court as a vital procedural step, since it constitutes and is relied upon as a critical admission of the parties." The commentary specifies the content and format of the statement: e.g., the assertions must be set out in separately numbered paragraphs; each fact must be supported by a citation to an affidavit.

Consequences of a movant's noncompliance with the Rule can be severe–"[a] motion for summary judgment unaccompanied by a statement of material facts not in dispute shall be dismissed." L.Civ.R. 56.1(a). See also Kee v. Camden County, 2007 U.S. Dist. LEXIS 23637, at *14 (D.N.J. 2007) (Simandle, Jr.); Langan Eng'g & Envtl. Servs. v. Greenwich Ins. Co., 2008 U.S. Dist. LEXIS 99341 (D.N.J. 2008) (Greenaway, J.). Where an opposition brief is not accompanied by a Rule 56.1 statement, the movant is not automatically entitled to summary judgment. Instead, the judge "may enter summary judgment in favor of the moving party only if the moving party has established that summary judgment is appropriate." Cornelio v. Coupon Serv. Corp., 2007 U.S. Dist.

11

LEXIS 213, 15 *5 (D.N.J. 2007) (Pisano, J.). Such a scenario is predicated on the movant having filed a Rule 56.1 statement.

The Court is mindful of the fact that Plaintiff is a pro se litigant, and district court judges often relax procedural rules, including Local Civil Rule 56.1(a), for an unrepresented litigant. See, e.g., Jordan v. Allgroup Wheaton, 218 F.Supp.2d 643, 646 (D.N.J. 2002) (Irenas, J.), aff'd, 95 Fed.Appx. 462 (3d Cir. 2004) (pro se plaintiff's failure to submit a Rule 56.1 statement leads court instead to draw relevant facts "primarily from Plaintiff's complaint, and the transcript of Plaintiff's deposition testimony, Defendant's Statement of Undisputed Material Facts and supporting exhibits").

A court may excuse the failure to submit a Rule 56.1 statement where there is no evidence of bad faith. See, e.g., Rumbas v. Borough of Lawnside, 2008 U.S. Dist. LEXIS 60712 (D.N.J. 2008) (Simandle, Jr.); Shirden v. Cordero, 509 F.Supp.2d 461, 463-64 n.1 (D.N.J. 2007) (Martini, Jr.) (stating "lack of compliance with the Local Civil Rules has made it difficult and time-consuming for the Court to determine whether a genuine issue of material fact exists. Nonetheless, the Court, having found no evidence of bad faith, will decide Defendants' motion on its merits"). A judge may relax the Rule as well where the interests of justice so require, which most commonly arises when both parties fail to comply. For example, in Kee v. Camden County,

12

2007 U.S. Dist. LEXIS 23637, at \*16 (D.N.J. 2007), Judge Simandle decided to adjudicate a summary judgment motion where "both parties were equally lax in their compliance[,]" and where doing so was "in the best interest of the parties and justice." Nonetheless, before reaching this conclusion, he admonished defendants for providing "little in the way of support for their motion of summary judgment" and relying on documentary evidence and plaintiff's deposition, as well as plaintiff for submitting disorganized exhibits.  Id. at \*15.  Judges throughout this District since have agreed with Judge Simandle's position, even after the 2008 amendments became effective.  E.g., Langan Eng'g & Envtl. Servs. v. Greenwich Ins. Co., 2008 U.S. Dist. LEXIS 99341 (D.N.J. 2008) (Greenaway, J.); Apata v. Howard, 2008 U.S. Dist. LEXIS 72321 (D.N.J. 2008) (Irenas, J.).

### III.   BACKGROUND

As noted earlier, Plaintiff alleges that in 2008 he was confined at the New Jersey Department of Corrections Central Reception and Assignment Facility, which he alleges was rat-infested.  Plaintiff alleges that he made several complaints about the rats and that he attempted to block the bottom part of his cell door.  He was told by staff in the facility that they were aware of the problem but that he, nevertheless, had to remove the "blocker" from the bottom of his cell door.  Plaintiff alleges that on March 10, 2008, he was awakened at 3:30 a.m. when

13

a rat bit his arm.  Plaintiff is now confined at Mercer County Correction Center in Trenton, New Jersey.

Plaintiff alleges that he received treatment for the rat bite, including psychiatric treatment (therapy and medication) for anxiety and sleep deprivation.  He now asserts in his Complaint that Defendants Administrator Grace Rogers and Commissioner George W. Hayman failed in their duties to maintain a safe facility.  He seeks monetary damages and an order for inspection of the facility by the New Jersey Health Department.

## IV.  DISCUSSION

The remaining Defendants have moved for dismissal and/or for summary judgment on various grounds.  Because the Defendants are entitled to dismissal for failure to exhaust administrative remedies, this Court need not address the Defendants' other alleged bases for relief.

Pursuant to 42 U.S.C. § 1997e(a):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility <u>until such administrative remedies as are available are exhausted</u>.

(emphasis added).

Exhaustion is mandatory.  Prisoners must exhaust all "available" administrative remedies, even where the relief sought, for example, monetary damages, cannot be granted by the

14

administrative process. See Booth v. Churner, 532 U.S. 731, 734, 739 (2001).

"[F]ailure to exhaust is an affirmative defense under the PLRA, and ... inmates are not required to specially plead or demonstrate exhaustion in their complaints." Wallace v. Kato, 127 S.Ct. 910, 921 (2007). Nevertheless, as with other affirmative defenses, if the allegations, taken as true, suffice to establish failure to exhaust, the complaint is subject to dismissal for failure to state a claim. "Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract." Id. at 920-21.

Section 1997e(a) requires "proper exhaustion," as that term is used in administrative law. Woodford v. Ngo, 126 S.Ct. 2378, 2387 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Id. at 2386. Compliance with prison grievance procedures is all that is required for "proper exhaustion." "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 127 S.Ct. at 922-23 (holding that exhaustion was not per se inadequate simply because an

15

individual later sued was not named in the grievance, where prison policy did not require the prisoner to identify a particular responsible party). See also Spruill v. Gillis, 372 F.3d 213, 231 (3d Cir. 2004) ("prison grievance procedures supply the yardstick" for determining what steps are required for exhaustion").

The Court of Appeals for the Third Circuit has held that the exhaustion requirement includes a procedural default component. See Spruill v. Gillis, 372 F.3d at 230. A court may consider extrinsic materials for determining whether a procedural default should be excused. See Williams v. Beard, 482 F.3d 637 (3d Cir. 2007).

In 2008, pursuant to N.J.A.C. 10A:8-1.1 to -3.6, the New Jersey Department of Corrections adopted a standardized Inmate Handbook for all of its correctional facilities, which sets forth a standardized administrative grievance procedure, denominated in the Handbook as the "Inmate Remedy System." (Motion to Dismiss, Decl. of David Hardrick, Ex. B.) Supplies of the multi-part Request and Remedy System Forms are available within the correctional facility housing units and the inmate law library, and are available from social services staff members. Social workers are permitted to assist inmates in completing the forms.

The Inmate Remedy System encompasses three types of administrative procedures: (1) a "Routine Inmate Request,"

16

(2) an "Interview Request," and (3) an "Administrative Appeal." All inmates may use the Inmate Remedy System and <u>must</u> use it "to help you obtain information and present your issues, concerns or complaints relative to issues or conditions under the jurisdiction of the NJDOC that affect you personally."  (Motion to Dismiss, Decl. of David Hardrick, Ex. B, § V.H. at 53.)  In addition, inmates <u>must</u> use the Inmate Remedy System to request a personal interview with a staff member or to appeal a decision with regard to a "Routine Inmate Request" or "Interview Request." (<u>Id.</u>)

The Inmate Remedy System includes specific instructions regarding the types of claims that can be presented through the system; for example, the Inmate Remedy System shall not include complaints relative to property loss or disciplinary charges. (Motion to Dismiss, Decl. of David Hardrick, Ex. B, § V.H. at 54.)  In addition, the Inmate Remedy System includes certain time limits; inmates must submit an Inmate Remedy System Form within ten business days of the date the incident or issue complained of occurred, unless it is not possible to file within such period. (Motion to Dismiss, Decl. of David Hardrick, Ex. B, § V.H. at 56.)

Once an inmate completes the form, he may place it in the appropriate Drop Box located on each housing unit.  The remedy coordinator then collects the forms, marks them as "received,"

and forwards them to the appropriate department or staff person for investigation and response. The response is returned to the inmate. If the inmate is dissatisfied with the response, or if he has follow-up questions, he may utilize the Administrative Appeal Process. Appeal decisions are rendered by the facility Administrator and are the final decisions at the correctional facility level. Once an inmate has pursued the Administrative Appeal Process, he has exhausted his administrative remedies under the New Jersey Department of Corrections Inmate Remedy System. (Motion to Dismiss, Decl. of David Hardrick, Ex. B., § V.H. at 54-56.)

The Inmate Remedy System is designed to provide a confidential route for inmates to make the administration aware of conditions within the correctional facility and it provides correctional facility staff, senior administration officials, and the Office of the Attorney General with a specific, written method to track inmate grievances and employee responses. (Motion to Dismiss, Decl. of David Hardrick, Ex. B., § V.H. at 53.)

Here, Defendants have presented the Court with the affidavit of David Hardrick, employed as an Executive Assistant at the Central Reception and Assignment Facility, who has reviewed and presented to the Court Plaintiff's Inmate Face Sheet and Progress Notes, which indicate that Plaintiff failed to file any

Administrative Remedy System forms with regard to the alleged rat bite.  Plaintiff has not responded to the Motion to Dismiss or otherwise presented any evidence to dispute this evidence.[1]

In Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002), the U.S. Court of Appeals for the Third Circuit held that the precursor, and substantially similar, New Jersey Department of Corrections Inmate Handbook grievance procedure constituted an "administrative remedy" within the scope of § 1997e's exhaustion requirement.  The Inmate Handbook effective at the time of these events is substantially similar to that at issue in Concepcion and likewise constitutes an "administrative remedy" within the scope of § 1997e's exhaustion requirement.

As it is undisputed that Plaintiff was a prisoner at the time of the events complained of through the time he filed this Complaint, that an administrative remedy system existed for grievance of the alleged unsafe environment which led to the rat bite, and that he failed to exhaust his administrative remedies, Defendants are entitled to dismissal of the Complaint for failure to exhaust administrative remedies as required by § 1997e.

In light of the ten-day time limit for presenting grievances, contained in the Inmate Remedy System, it does not

---

[1] Plaintiff advised the Court by Letter [25] that he had not received the service copy of the Motion to Dismiss.  Accordingly, this Court entered an Order [27] directing service by the Clerk and granting Plaintiff leave to respond within fourteen days thereafter.  Plaintiff has not responded.

appear that Plaintiff can ever cure the failure to exhaust administrative remedies with respect to the claim presented here. Accordingly, the Complaint will be dismissed with prejudice.

### V.  CONCLUSION

For the reasons set forth above, the Complaint will be dismissed with prejudice for failure to exhaust administrative remedies.  The alternative motion for summary judgment will be dismissed as moot.  All pending applications will be denied as moot.

An appropriate order follows.

S/Freda L. Wolfson
Freda L. Wolfson
United States District Judge

Dated: March 9, 2011